ELLEN GIBBENS *vs*. JESSE M. THOMPSON.

April 1, 1875.

**Defective complaint cured by answer, etc.**—A complaint defective by reason of an omission to state the place,—city or county,—wherein certain described premises are situate, is cured by the failure of defendant seasonably to take the proper objection, and by his putting in an answer supplying such omission, setting up new matter, and going to trial upon the merits.

**Justice's Court—Waiver of Jury.**—In an action before a justice, under ch. 84, Gen. Stat., an omission by defendant to call for a jury trial, is deemed a waiver of his right to such trial.

**Demand of Rent unnecessary in Proceeding to Dispossess Tenant for non-payment of Rent.**—In an action under § 11, ch. 84, Gen. Stat., to recover possession of demised premises for non-payment of rent due according to the terms of the lease, no demand of the rent is necessary as a condition precedent to the right to bring and maintain the action

**Construction of Terms of Lease, fixing time for Payment of Rent.**—The stipulation in a lease, that "the tenant will pay, as rent, the sum of forty dollars per month, for and during the term of the lease," was followed by provisions declaring in terms that if he "fails to make the above mentioned payments, as herein provided," the landlord may re-enter, etc., "without such re-entering working a forfeiture of the rents to be paid." *Held*, the rent was to be paid monthly, and not at the end of the term.

**Proceeding to Dispossess Tenant—When Judgment is to be Entered.**—In an action brought under the provisions of ch. 84, Gen. Stat., there being no express statutory limitation of time within which the decision of the justice must be made, after the submission of the case, he is entitled to a reasonable time, according to the circumstances of each case, in which to consider and determine his finding, and thereupon to enter judgment. *Held*, in this case, that a delay of two days, after submission, and before entering judgment, was not unreasonable.

Appeal from a judgment of the district court for Ramsey county, *Wilkin*, J., presiding, affirming the judgment of a justice of the peace, from which an appeal had been taken upon questions of law only.

*Mead & Thompson*, for appellant.

*E. C. Palmer*, for respondent.

CORNELL, J.   This is an action brought under § 11, ch. 84, Gen. Stat., before a justice of the peace of Ramsey county, to recover possession of certain leased premises, on account of the non-payment of rent.   The facts appearing

of record, so far as they relate to the question presented, are substantially as follows : The complaint averred ownership of the premises in the plaintiff, the leasing of the same for one year to the defendant, at the agreed rent of forty dollars a month, payable monthly, and the non-payment of rent for the months of March and April, 1874, although past due, and demanded. The premises are described in the complaint as " a piece of land, ninety-six feet front on Westminster avenue, by one hundred and twenty-five feet in length, known and commonly called the Mill Place," without any averment as to the place,—city or county,—where the same was located. The summons substantially followed the complaint in respect to the description of the premises, adding, however, to such description, the words " in the city of St. Paul." On the return day of the summons, the parties appeared, and the defendant, without noticing the defective description in the complaint, or the variance in that respect between it and the summons, put in a verified written answer, the material portions of which are as follows : " Defendant admits that plaintiff leased the premises hereinafter described to defendant, for and during the whole term of one year, commencing November 3, 1873, etc., for the sum of four hundred and eighty dollars, or at the rate of forty dollars per month, to be paid at the end of the said term, and not before ; and the premises so leased were leased under and by virtue of a certain agreement, wherein said premises are described, a copy of which agreement is hereunto annexed, and marked Exhibit A, and made a part of this answer. That no part of said rent is due or payable prior to the month of November, 1874." The answer also avers payments made at various times on account of said rent, and also a re-renting of a portion of said premises by defendant to the plaintiff, etc. The plaintiff put in a reply to the new matter. The defendant then moved for judgment upon the pleadings, no ground therefor being stated ; the court denied the motion, and defendant excepted. The cause was then adjourned, by agreement, till April 25, 1874,

when the parties appeared and proceeded to the trial before the justice, without a jury. Upon the conclusion of the testimony, the case was submitted to the justice, and taken and held under advisement until April 27, when he rendered and entered judgment for restitution of the premises, with costs. This judgment was affirmed by the district court for Ramsey county, and is now here for review on an appeal from the judgment of the latter court.

The first point made by the appellant in this court is that the justice erred in denying his motion for judgment on the pleadings, because of the omission, in the complaint, to designate the locality of the premises as in the said city of St. Paul. No such reason appears to have been urged before the justice. Instead of objecting to the complaint at the proper time, on this ground, the defendant put in an answer, setting up in full the written lease under which he admits he held the premises, from which it specifically appears that the described premises are located in the city of St. Paul, Ramsey county. On the trial, this lease was introduced in evidence without objection, and the whole controversy litigated had reference to the premises thus specified in the lease and answer, and it is apparent that defendant was not in any manner misled by the omission in the complaint. Under these circumstances, it is too late for the defendant to raise the point now, and the defective pleading must be taken as cured by the answer, and the subsequent conduct of the parties on the trial.

The second error alleged by the appellant is that, this being in the nature of a criminal proceeding, defendant could only be deprived of his right to a jury trial by an express waiver, entered upon the justice's docket; that going to trial, without demanding a jury trial, is not equivalent to such waiver. This, clearly, cannot be regarded as a criminal prosecution, or in the nature of one, such as entitles a party to the right of trial by an impartial jury, under § 6, art. 1, of our constitution. Defendant's right, in this case, is secured by § 4 of the same article, as his counsel seems to concede

in his printed points, and that section expressly provides that the right to a jury trial thereby secured "may be waived by the parties, in all cases, in the manner prescribed by law." Section 5, ch. 84, Gen. Stat., is in these words: "After the return of said summons, etc., the said justice shall proceed to hear and determine said complaint: provided, that if either party calls for a trial by jury, the said justice shall issue a *venire*," etc. This provision of the statute was in force at the time of the adoption of our state constitution, and its fair construction clearly indicates that a party desiring a jury trial must call for it, as therein provided; and in case he fails to do so, he shall be deemed to have waived his right thereto.

The third error alleged is the refusal of the justice to dismiss the action, on defendant's motion, at the close of plaintiff's testimony, made on the ground, as appears from the return, that no legal demand had been made for the rent. Appellant urges the additional ground here that, by the terms of the lease, no rent became due and payable till the expiration of the term. Neither of these grounds is tenable. Since the revision of the statutes, in 1866, no demand of rent due is necessary to enable the landlord to commence and maintain proceedings of this character. Gen. Stat., § 11, ch. 84. As to the second point, the stipulation in the lease is that the tenant will pay as rent the sum of forty dollars per month, for and during the term of the lease; and it is also provided, in terms, that if he "fails to make the above mentioned payments, as herein provided," the landlord may re-enter, etc., "without such re-entering working a forfeiture of the rents to be paid." These provisions clearly indicate that the rent was to be paid monthly, and not at the end of the term.

The sole remaining question is whether the justice lost jurisdiction by reason of the delay in rendering and entering judgment for two days after the submission of the case. The statute, § 9, ch. 84, Gen. Stat., provides that "if, upon the trial, the justice or jury shall find the defendant guilty,"

26

or not guilty, as the case may be, "the said justice shall thereupon enter judgment," etc. There is no express limitation of time within which the decision of either the justice or jury must be made; but when it is made, the statute directs the justice thereupon to enter the proper judgment. In the absence of such limitation, the justice is entitled to a reasonable time, according to the circumstances of each case, in which to consider and determine his finding, and thereupon to enter the judgment; and in our opinion, the time taken by the justice in this case, was not unreasonable.

Judgment affirmed.