CHARLES A. WILLIAMS *vs.* JOURNAL PRINTING COMPANY.

June 23, 1890.

Contract by Agent for and with Principal.—The rule that an agent or trustee cannot bind his principal or *cestui que trust* by a contract which he makes on behalf of the principal or *cestui que trust* with himself, applied.

Action to recover $1,385, brought in the district court for Hennepin county, and tried before *Young,* J., who ordered a dismissal at the close of the evidence for plaintiff. A new trial was refused, and plaintiff appealed.

*Joseph W. Molyneaux,* for appellant.

*Kitchel, Cohen & Shaw,* for respondent.

GILFILLAN, C. J. This action is upon a written contract for services, originally executed between plaintiff and one Blethen. By its terms, if Blethen should start a morning paper, to be done, if at all, within three months after May 15, 1888, and Blethen to determine whether he would do so on or before June 1, 1888, plaintiff was to serve as managing editor of such paper at a specified salary, and he was to receive a certain sum for waiting till that date for Blethen to decide; plaintiff to be always subject to his orders to perform any duties which he might request in favor of the Evening Journal of Minneapolis. In case Blethen should not start a morning paper, then plaintiff was to be editor of the Evening Journal, at a specified salary, no time being stated for the continuance of that service.

About June 15, 1888, plaintiff called Blethen's attention to the fact that the writing stated no term for the service, and thereupon the latter indorsed on it: "This contract is hereby accepted to run one year, unless sooner determined by mutual agreement. [Signed] JOURNAL PRINTING COMPANY. By A. J. BLETHEN." Blethen was, at the time of making the original agreement and the indorsement, the general manager of the defendant. The plaintiff claims that the original agreement was the contract of defendant, and, if not, it became such by the indorsement. But the agreement on its face was the personal contract of Blethen. There is nothing in it to suggest that it was made on behalf of any one else. The defendant is in no way mentioned; and parol evidence could not be resorted to in order to show that the party named in it was not the party bound by it, but that some one not named was. *Rowell* v. *Oleson*, 32 Minn. 288, (20 N. W. Rep. 227.) The only way in which the indorsement can operate to make the agreement that of the defendant is to make it substitute the defendant in the place of Blethen as a party. This is the effect claimed for it. To bring about this substitution required a contract consented to by all the parties,—the plaintiff, Blethen, and the defendant. It is at least doubtful, under the evidence, that plaintiff consented to it. But it is certain that no one on behalf of the defendant, except Blethen, gave its consent; and he could not, by virtue of his authority as its agent,—its general manager,—bind it by giving its consent. As to that, the case comes within the rule that an agent or trustee cannot bind his principal or *cestui que trust* by a contract made by him on behalf of his principal or *cestui que trust* with himself. He cannot put his interest as an individual in opposition to his duty as agent or trustee. Blethen's authority as general manager was necessarily limited by this rule of law. The agreement evidenced by the indorsement, to have the effect that plaintiff claims for it, must operate to relieve Blethen from the obligations of the original contract by shifting them over to the defendant. Blethen could not give its consent to be substituted to those obligations in his stead.

Order affirmed.