BETTY WEITZNER *et al. vs.* OLE A. THINGSTAD.

Argued Nov. 1, 1893. Affirmed Nov. 13, 1893.

No. 8445.

**Husband's contract to sell his homestead is void.**

The contract of the husband, without his wife joining therein, to convey his homestead, is void for all purposes, and the husband is not liable in damages for its nonperformance.

**But valid as to other lands included.**

But, where such contract also includes other lands, it is valid as to such other lands.

Appeal by plaintiffs, Betty Weitzner, Charlotte Gruenberg and Simon Gruenberg, from an order of the District Court of Hennepin County, *Frederick Hooker,* J., made March 1, 1893, overruling their demurrer to the second defense stated in the answer.

The complaint stated that on September 20, 1892, defendant Ole A. Thingstad made a contract with plaintiffs to convey to them with warranty two lots in Minneapolis for $23,000. They agreed to pay him $12,000 in fifteen days at which time he and his wife were to give plaintiffs a deed of the lots subject to a mortgage for $11,000 then on the property, which mortgage plaintiffs were to assume. That on October 4, 1892, plaintiffs tendered the $12,000 and demanded a deed, but defendant refused and ever since has failed and refused to deed to them the property or any of it, to their damage $10,000 for which sum they prayed judgment. The defendant denied that the contract was delivered by him and for a second answer alleged that he was married and lived with his family on one of the lots. That it was and long had been his homestead, that his wife did not join in or execute the contract with him and it was for that reason void. To this second answer the plaintiffs demurred. The demurrer was overruled and plaintiffs appeal.

*Chas. J. Bartleson,* for appellants.

We concede that the contract is ineffectual as to the homestead and the only question is whether it is valid as the personal obligation of the defendant so as to render him personally liable in damages for its nonperformance. Specific performance of the contract cannot be decreed while the wife lives and occupancy of the family continues, but it does not follow from this that the husband is not liable in damages to plaintiffs, the same as he would be on any other covenant he had rendered himself unable to perform. *Yost* v. *Devault,* 9 Ia. 60; *Cross* v. *Everts,* 28 Tex. 523; *Wright* v. *Hays,* 34 Tex. 253.

In our leading case of *Barton* v. *Drake,* 21 Minn. 299, this Court was careful to say that such a contract is ineffectual to bind the land. The defendant's liability in damages for refusal to perform was not before the Court in that case, nor in any of the subsequent cases in this Court; and where this Court has said that such contract is entirely void, it must be understood to mean with reference to specifically enforcing the contract. The authorities cited in *Barton* v. *Drake, supra,* in support of the proposition, do not go beyond this.

Aside from the Texas cases cited, I have not been able to find authorities bearing directly on this point. One who absolutely and unconditionally agrees to do any lawful act is ordinarily held liable in damages for his failure to do it.

The answer demurred to alleges that a part only of the property was defendant's homestead. This would not under any circumstances render the contract void *in toto*, but only void as to the homestead. *Wallace* v. *Harris*, 32 Mich. 380; *Burnap* v. *Cook*, 16 Ia. 149.

It is true that a gross consideration was agreed upon for both lots, but it is susceptible of proof upon the trial what the damage of the plaintiffs was for the refusal to convey the nonexempt lot and the relative value of the two.

*Gjertson & Rand* and *Henry J. Gjertson*, for respondent.

It must be presumed that the parties knew when they made the contract that it was absolutely void, and if they contracted with that knowledge, how could the plaintiffs be damaged. They had no right in law to rely in any way upon the performance of an absolutely void contract. It was absolutely void in its inception and cannot possibly be made the basis for an action of damages. *Barton* v. *Drake*, 21 Minn. 299; *Smith* v. *Lackor*, 23 Minn. 454; *Coles* v. *Yorks*, 28 Minn. 465; *Alt* v. *Banholzer*, 39 Minn. 511; *Jelinek* v. *Stepan*, 41 Minn. 412.

In Iowa it has been held that an action could not be maintained for damages against the husband on a contract of this character where the wife has not joined in and become a party to the contract. *Barnett* v. *Mendenhall*, 42 Ia. 296; *Clark* v. *Evarts*, 46 Ia. 248; *Cowgell* v. *Warrington*, 66 Ia. 666.

Plaintiffs suggest that only one of the lots was the defendant's homestead and therefore the contract is not void *in toto*, but only void as to the homestead lot. If that part of the answer setting up the homestead claim as a defense is available to the defendant for any purpose, then the demurrer was properly overruled.

MITCHELL, J. This was an action to recover damages for the refusal of the defendant to perform a contract to convey real prop-

erty. One of the defenses interposed by the defendant was that a part of the premises contracted to be conveyed was his homestead, and that his wife did not join in the contract, and that for that reason it was void. This appeal is from an order overruling a demurrer to this defense. The contention of plaintiff is that while a contract by the husband, without his wife joining therein, to convey his homestead, is so far void that it does not bind the land, and that specific performance cannot be enforced, yet it is only void in that sense and to that extent, and that the husband is nevertheless liable for damages for refusal or failure to perform it.

This court has repeatedly said that conveyances and contracts to convey the homestead, executed by the husband without his wife joining therein, are not merely voidable, but wholly void. *Barton* v. *Drake,* 21 Minn. 299 ; *Law* v. *Butler,* 44 Minn. 482, (47 N. W. Rep. 53.) It is true, however, as counsel for plaintiffs says, that the only point involved in any of these cases, and the only one really decided, was that such a contract did not bind the land; the question now before us never having been squarely presented or decided.

But, notwithstanding some respectable authority to the contrary, it seems to us that to hold that a person is liable in damages for the nonperformance of a contract which he is under no legal obligation to perform would be illogical, and without analogy or precedent in the law. The very proposition involves a legal inconsistency. We think that on legal principles such a contract must be held void for all purposes, and not to constitute the basis of any action against the obligor.

There are also strong practical considerations in favor of this view. While it is true, as counsel suggests, that to hold the husband liable for damages would not deprive him or his family of their homestead, yet to force him to the alternative of securing his wife's signature to the conveyance, or of being mulcted in damages for not doing so, and to place the wife in the dilemma of either having to sign the deed or see her husband thus mulcted in damages, might, and naturally would, often indirectly defeat the very object of the statute.

There is nothing unjust to the obligee in holding such a contract absolutely void for all purposes. He is bound to know the law, and he always has actual notice, or the means of obtaining actual

notice, of the fact that the land with which he is about to deal is a homestead.

It does not follow, however, where such a contract includes lands other than the homestead, that it is also void as to such other lands. A contract to convey a homestead, executed by the husband alone, is not illegal in the sense of being prohibited as an offense. The illegality is not that which exists where the contract is in violation of public policy or of sound morals, or founded on an illegal consideration, which would vitiate the whole instrument. The sole object of the statute was to prevent the alienation of the homestead without the wife's joining in the conveyance or contract. The policy of the law extends no further than merely to defeat what it does not permit. It merely withholds from the husband the power to alienate the homestead in that way,—in other words, provides that the homestead is not grantable in that way; and it was never held that the whole grant would be void, merely because a part of the land was not grantable. *Danforth* v. *Wear*, 9 Wheat. 673; *Patterson* v. *Jenks*, 2 Pet. 216-225; *Wallace* v. *Harris*, 32 Mich. 380-399; Poll. Cont. 264.

The contract in suit was valid as to lands other than the homestead, and hence that part of the answer demurred to constituted only a partial defense. But a party has a right to set up a partial defense, and the demurrer was properly overruled.

Order affirmed.

(Opinion published 56 N. W. Rep. 817.)