(Opinion published 57 N. W. Rep. 129.)

---

KEYSTONE IRON CO. *vs.* LILLIAN LOGAN *et al.*

Argued Dec. 7, 1893. Affirmed Dec. 21, 1893.

No. 8361.

**Recovery of earnest money paid by a vendee.**

Where B. executes a written instrument with L., who, as his wife's agent, signs her name to the instrument on a contract of sale of her real estate to B., and she receives part of the purchase money from him, he cannot recover it back from her, if she and her husband are ready, willing, and able to convey the premises to B. according to the terms of the written instrument or contract, even though it be absolutely void; and this is especially so if B. has not tendered full performance of his part of the contract.

Appeal by plaintiff, Keystone Iron Company, from a judgment of the District Court of St. Louis County, *Calvin L. Brown*, J., entered July 21, 1893, directing that plaintiff take nothing by its action.

On February 24, 1892, the defendant, Lillian Logan, was the owner of the northeast quarter of the northwest quarter, and the northwest quarter of the northeast quarter of section twenty six (26) in Township 58, Range 18 in St. Louis County. On that day her husband, W. B. Logan, made a written contract signed in her name, by him as her agent, to sell the land to E. R. Brace for $5,000 in cash and one thousand shares of stock of $10 each in the Keystone Iron Company. Brace paid down $500 and was to pay $500 more in fifteen days. He was to pay $1,000 in thirty days, $1,000 in sixty days, $1,000 in ninety days and $1,000 in four months from delivery of patent from the United States for the land. It is further provided in the contract that if the title be found good and nevertheless it be not accepted by the purchaser, the $500 earnest money should be forfeited.

The husband paid over the $500 to his wife and she has ever since been ready and willing to perform the contract on her part. Brace assigned to the plaintiff all his right under the contract and all claims to the $500 he had paid. Neither he or plaintiff ever offered to pay any more of the purchase price or ever demanded a conveyance. Plaintiff brought this action against Lillian Logan and her husband to recover the $500, so paid by Brace. Plaintiff claimed that the contract of sale was void, because her husband could not be her agent to sell her land. (1878 G. S. ch. 69, § 4.) At the trial these facts appeared and the Court made findings April 23, 1893, and directed judgment to be entered that plaintiff take nothing by the action and that defendants recover their costs. Judgment was so entered and plaintiff appeals.

*R. R. Briggs,* for appellant.

*Jonn H. Boyle,* for respondent, cited *Sennet* v. *Sheehan,* 27 Minn. 328; *McKinney* v. *Harvie,* 38 Minn. 18; *McClure* v. *Bradford,* 39 Minn. 118; *McManus* v. *Blackmarr,* 47 Minn. 331; *Abbott* v. *Draper,* 4 Denio, 51; *Peck* v. *Burr,* 10 N. Y. 294.

Buck, J. On the 24th day of February, 1892, the defendant W. B. Logan, the husband of the other defendant, Lillian Logan, executed an instrument in writing, by signing his wife's name thereto, as follows: "Lillian Logan. Per agent, W. B. Logan,"—in which instrument it is stated that she had received of one E. R. Brace $500 on account of the purchase of eighty acres of land in St. Louis county, in this state, for the sum of $5,000 cash and 1,000 shares of stock in company, of the par value of $10 per share; the $500 being earnest money, and $500 cash to be paid in fifteen days, and $4,000 in payments of $1,000 in thirty days, $1,000 in sixty days, $1,000 in ninety days, and $1,000 in four months, from delivery of patent.

It was further agreed that if the title was not good, and if Brace should refuse the same upon that ground, the agreement should be void, and then the defendants should return the $500 earnest money, and the vendor should not be liable for the purchase money. If the title was found to be good, but nevertheless not accepted by Brace, then said $500 earnest money should be forfeited, and the owner might declare the contract terminated. No further payments were made by Brace, and he notified the defendant Lillian Logan that the title to said land was not good, and that he refused to accept the same, and he did not on his part perform any of the other conditions in said instrument mentioned. Whatever right Brace had in and to the said earnest money so paid he assigned to the plaintiff, and this action was brought for its recovery.

Upon the trial the court below found that the defendant Lillian Logan was at the time of the execution of said instrument the owner in fee simple of said real estate, and had good title thereto, and had such title at the time of the trial; and at all times had been able, willing, and ready to convey the same in accordance with the terms of said agreement; and that she had fully authorized and empowered her said husband, W. B. Logan, to enter into said contract, and that at all times since the making thereof she had been ready and willing to fulfill and perform said contract in accordance with its terms and provisions, although the power and authority so given her said husband was verbal, and not in writing. The court further found "that the said contract was not procured by any false or fraudulent representations, nor is there anything to show that it was made or entered into under a mistake or misapprehension, either as to law

or the facts." With this finding of the court it is difficult to see as a matter of law how the plaintiff can recover back the earnest money which he voluntarily paid. The defendant Lillian Logan does not and never has refused to perform her part of the agreement. No default can be charged against her. She has been ready at all times to perform the obligations which were entered into by her husband in her behalf, and carry out the conditions of the written agreement to its fullest extent. When Brace accepted the agreement and paid the money he knew that Lillian Logan was a married woman, and that W. B. Logan was her husband. In this respect, then, there was not, and could not be, any fraud. Why, then, does Brace not perform his part of the contract, pay the purchase price, receive his deed, and complete the transaction? This would be good law as well as good morals, but, instead of doing so, and without tendering the payment of any of the purchase money due and payable and receiving his deed, he makes an assignment of the earnest money which he paid, and his assignee seeks to recover it of the defendant Lillian Logan, who in no way appears to be in default. This is done upon the theory that the agreement was not merely voidable, but absolutely void, because the husband, W. B. Logan, is prohibited by law from making any valid contract with his wife, relative to any of her real estate, either as agent or in relation to conveying the same or any interest therein. The wife makes no such objection, but in her pleadings and in open court declares her willingness to perform all the conditions in the agreement entered into in her behalf by her husband, and in the answer he asserts the same thing.

The plaintiff alleges that the defendant Lillian Logan cannot give a good title, because she cannot compel her husband to sign the deed with her. She alleges, and the court found, that she was ready and willing at all times to perform the conditions of the contract, which, of course, includes the conveyance by her and her husband of a good title. There is no evidence in the case tending to show that he declines or refuses to join with his wife in such conveyance, and the fair inference from the record is that he is willing to do so upon the payment of the consideration mentioned in the agreement. It does not appear that any demand was ever made upon him to sign a deed or join with his wife in

its execution. Instead of doing so, he serves a notice upon the defendant Lillian Logan that he will not perform the conditions of the agreement himself, and that he considered it duly terminated by reason of the title to the land not being good. It is needless, perhaps, to say that an agreement like this could not be thus summarily terminated by Brace so as to give him a right to recover back the consideration money which he had· voluntarily paid. Conceding, as we do, that the agreement was void under our statute prohibiting such transactions relating to real estate on the part of a husband in behalf of his wife, yet if she had not violated the terms of the agreement, and she and her husband stood ready and willing at all times to perform the conditions of said agreement, with the ability to do so, we see no legal objections to her and her husband adopting the husband's act in making the agreement for his wife, and making such act their own joint act, and thus perform the terms set forth in the written instrument, although it was originally void, and to the extent that it could not be ratified. If they are willing to do this, Brace could not be injured, or his rights in any way be seriously affected.

The absolute invalidity of the agreement does not prevent her and her husband from performing its conditions, if they wish so to do, for there is nothing to be found therein which if performed would constitute a criminal or tortious act. It may be that the complete performance of the terms of this written instrument would prove of great pecuniary benefit to the wife, and to the husband also. And the absolute power is not vested in Brace to constitute himself the protector of the wife's rights, and say that she shall not perform the conditions of the agreement if she voluntarily chooses to do so. It seems to be a rather unusual proceeding for one party to a written proceeding to insist that he be permitted to disavow its terms because it is void as to the other party's rights therein. Valid acts may be done under a void contract.

It does not appear to be the fault of the defendants, or either of them, that the contract was not fulfilled. The first default was that of Brace in not paying the second installment of $500 in fifteen days after the date of the written instrument. Brace never tendered to the defendants, or either of them, the money due in

accordance with the terms of the agreement, and never offered to perform the other conditions therein contained. If the agreement was valid in all respects, Brace could not compel performance, or recover back what he had paid, by refusal of defendants to perform, without first offering to perform on his part. And this court, in *Sennett* v. *Shehan*, 27 Minn. 328, (7 N. W. 266,) state the law to be "that this rule applies to all contracts with mutual and dependent covenants or promises, including alike parol contracts, void as such by the statute of frauds, and those not affected by the statute." It is immaterial whether the agreement is void under the statute of frauds, or otherwise invalid or nonenforceable by reason of the same having been signed on behalf of the wife, by the husband; yet, as it appears not to embrace the commission of a tortious, immoral, or criminal act, Brace could not recall his money until he tendered back the consideration, and even then he could not recover if the defendant Lillian Logan is willing, ready, and able to perform all of the terms of the written instrument, including, of course, the giving of a good title, her husband joining with her in the execution and delivery of the proper deed.

Of course, the plaintiff has no better or greater rights in the matter than Brace would have had if he had brought the action in his own name.

The judgment of the court below is affirmed.

(Opinion published 57 N. W. Rep. 156.)