MAUDE H. STROMME v. GUSTAV RIECK and Another.[1]

February 19, 1909.

Nos. 16,025—(264).

**Wife's Consent to Sale of Husband's Realty.**
   The signature of the wife as a witness to an executory contract by
the husband for the sale of his real estate, she being in no way referred
to in the body of the contract as a party thereto, does not constitute on
her part a written consent to the sale within the meaning of section
3648, R. L. 1905.

**Parol Contract—Evidence.**
   Evidence *held* insufficient to show a parol contract for the sale of the
land by the wife.

**Specific Performance by Husband.**
   An executory contract for the sale of the husband's real estate other
than the homestead, signed by him alone, may be enforced by the vendee
to the extent of the vendor's ability to perform, but not against the
interest of the wife.

**Contract by Husband as Agent of Wife.**
   Where a husband, acting as the agent of his wife, enters into an ex-
ecutory contract in her name for the sale of her land, and she thereafter
confirms his act and offers and tenders performance, the vendee cannot
refuse performance on his part on the ground that the contract is void
under the statutes because made by the husband as agent. Keystone
Iron Co. v. Logan, 55 Minn. 537, followed.

Action in the district court for Hennepin county against Gustav
Rieck and Anna Rieck, his wife, to enforce the specific performance
of a contract to convey to plaintiff a certain farm, and certain prop-
erty situated thereon, in exchange for a specified amount of money
and a conveyance of certain real estate in Minneapolis, and to re-
cover $1,000 damages. The contract is quoted at length in the opin-
ion.

The complaint alleged that plaintiff had tendered to defendant prop-
er conveyances of the Minneapolis property and with the consent of
the defendants had taken possession of the farm in Anoka county,
had leased the same at the request of defendants to a tenant and had

[1] Reported in 119 N. W. 948.
   107 M.—12

made valuable improvements thereon. The answer alleged that the pretended agreement between plaintiff and defendant Gustav Rieck was void because signed by plaintiff's husband, and denied the other allegations of the complaint.

The case was tried before John Day Smith, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to a decree requiring defendants, as husband and wife, to execute and deliver to plaintiff a proper deed of conveyance of the property in Anoka county; that plaintiff was also entitled to judgment requiring defendant Gustav Rieck to execute a proper conveyance by bill of sale of the personal property described in the schedule attached to the contract, and that plaintiff was entitled to judgment against Gustav Rieck for the sum of $490. From an order denying their motion for a new trial, and from an order denying their motion to amend the findings and conclusion of law, defendants appealed. Affirmed as to Gustav Rieck, but reversed and a new trial granted as to Anna Rieck.

*A. C. Middlestadt,* for appellants.

*C. D. Austin,* for respondent.


BROWN, J.

Action for the specific performance of a contract for the sale and exchange of certain real property. On the trial below judgment was directed for plaintiff, and defendants appealed from an order denying a new trial.

The facts, briefly stated, are as follows: Plaintiff owned certain property in the city of Minneapolis, and defendant Gustav Rieck owned a farm in Anoka county. They entered into a contract for the exchange of these properties; plaintiff being represented in the transaction by her husband, W. A. Stromme. The contract was in writing, and in the following language:

"This agreement made and entered into by and between Gustav Rieck of St. Paul, Minn., party of the first part, and Maude H. Stromme of Minneapolis, Minn., party of the second part.

"For the consideration of ten dollars in hand paid to the party of the second part, and the further sum of one hundred and ninety dollars, to be paid on the delivery of certain deeds and abstracts hereinafter specified, and three hundred dollars January 1st, 1908, and a war-

ranty deed and abstract to the S. ½ of N. E. ¼ Sec. 29, Twp. 34, range 22, and the N. W. ¼ and N. E. ¼ of the N. W. ¼ Sec. 29, Twp. 34, range 22, and part of lot 4, Sec. 28, Twp. 34, range 22, all in Anoka county, Minn., free of all incumbrances, by the party of the first part.

"The party of the second part agrees to give warranty deeds and abstracts to the party of the first part to the following properties: Large house and barn situated on lots 11-12, block 2, Ways addition to Minneapolis, Minn., subject to a mortgage of $1,500.00. One two-story building situated on lots 25 and N. ½ of lot 24, block 1, in Camden Park addition to Minneapolis, Minn., subject to a mrtge of $600.00. One story and half house with small barn situated on lot 6 & N. ½ of lot 7, block 2, in Camden Park addition to Minneapolis, Minn., subject to a mortgage of $350.00. The party of the first part further agrees to give party of the second part possession of the house in Ways add until the first of May free of charge. The farm above described to contain personal property as per schedule attached. The party of the second part further agrees to install necessary gas fixtures, and have new glass put in where needed in the house on lots 11 and 12, block 2, Ways add, also to pay the first half of 1907 taxes on the same, & a quitclaim deed to a lot adjoining lots in Ways add.

"Dated at St. Paul, Minn., this 31st day of Oct., 1907.

"Maude H. Stromme.

"By W. A. Stromme.

"Gustav Rieck.

"Witness:

"Anna Rieck."

Anna Rieck who signed the contract as a witness was and is the wife of Gustav Rieck. Plaintiff acquiesced in and confirmed the contract made by her husband, and has offered and tendered performance of the same. Both defendants refused to perform and this action followed.

The assignments of error present several questions which will be disposed of in their order.

1. Defendants contend that the contract is void for indefiniteness and uncertainty, and therefore incapable of enforcement. The precise point is that the contract contains no language or words showing an

intention to sell, exchange, or convey the property mentioned by one party to the other. While the writing is not so clear and explicit as it might have been made, fairly construed, it sufficiently expresses an agreement for the exchange of the properties, and meets all the requirements of the statute of frauds. That the parties intended to exchange the properties is too clear to admit of dispute.

2. It is also urged that the contract is void under the provisions of section 3609, R. L. 1905, which declares invalid all contracts between husband and wife relative to the real estate of either and any power of attorney or other authority from one to the other to sell or convey the real estate of either. The contract in question was made on behalf of plaintiff by her husband acting as her agent, and no claim is made that she participated in the transaction. While it is clear under the statute referred to and the decisions of this court that the contract could not be enforced against Mrs. Stromme, still, under the doctrine of Keystone Iron Co. v. Logan, 55 Minn. 537, 57 N. W. 156, it may be enforced by her. It was held in that case that where the husband enters into a contract for the sale of his wife's real estate, and she thereafter confirms his act, and stands ready to perform, the other party cannot take advantage of the statute to repudiate the obligations undertaken by him. The facts of this case bring it within the rule there laid down. Here plaintiff's husband entered into the contract as her agent and she confirms his act, and stands ready to perform all the obligations imposed upon her by the writing. In this situation defendants are in no position to urge that the statute has been violated.

3. It is further claimed that the contract is not enforceable because not signed by the wife of defendant Gustav Rieck. We here reach the only serious question in the case. Mrs. Rieck did not in fact join in the contract, and the question presented is whether it may be enforced as against her interest in the land. The land did not constitute the homestead of the parties; and, while it is clear under our decisions that the contract may be enforced as to the husband to the extent of his ability to perform, it is equally clear that it cannot be enforced as against the wife. Schwab v. Baremore, 95 Minn. 295, 104 N. W. 10; Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817. It rests with the opposite party in such case to determine whether to accept performance by the husband alone or abandon the contract. He

may not be compelled to accept part performance, but may do so at his option, unless, as in the Baremore case, the refusal of the wife to join in the conveyance constitutes a defect in the title which renders the contract by its terms wholly void. The contract in question did not so provide, and plaintiff may insist on performance by the husband, but not against the wife, unless she in some way legally bound herself to its performance.

Counsel for plaintiff recognizes this situation, and in avoidance of its legal consequences maintains that Mrs. Rieck did consent to convey her interest in the property. This position is founded on the claims (1) that Mrs. Rieck orally contracted to sell her interest in the land and that there was a sufficient part performance to render it valid; and (2) that her signature as a witness appended to the contract was a sufficient consent, within the meaning and purpose of our statute on the subject, to the sale by the husband. We are unable to concur in either of these contentions. The trial court found an oral contract by Mrs. Rieck to sell her interest in the land and also part performance; but we are unable to discover evidence sustaining the findings. The basis of the claim that there was an oral contract is found in the fact that Mrs. Rieck had full knowledge of the transaction, was present during a part at least of the negotiations, and interposed no objection to the sale. But it does not appear that anything was said in reference to a relinquishment of her interest in the land, and it is apparent that the parties did not consider her consent at all necessary. Nothing was said about it, and we find no sufficient basis in the record before us to support the conclusion that she either orally or otherwise contracted or agreed to part with her rights.

Our statutes (section 3648, R. L. 1905) provide that a wife shall be entitled on the death of her husband to a one-third interest in all land owned by him at any time during the marriage relation to the sale or disposition whereof she did not consent in writing. The same right is extended the husband in the wife's land. The interest thus granted the wife, though in lieu of the former dower right, is for all substantial purposes identical with that right, and is protected by an application of the same rules and principles of law. Before a wife can be divested of her interest, it must be shown that she consented in writing to a sale of the land in which she subsequently claims a right,

though it may be conceded for the purposes of the present case that a contract of sale by the husband, partly performed by the vendee, might bind the wife if orally consented to by her, where she received and retained a substantial benefit from the transaction. But that would be by force of the equitable doctrine of estoppel. Such is not this case, however.

The question now being considered is whether her signature as a witness to an executory contract by the husband is a sufficient written consent to the sale of the land. A careful consideration of the question leads to a negative answer. The consent of the wife rendered essential by the statute to a divestiture of her rights necessarily involves an intention on her part to relinquish her interest in the property. If she should join in the execution of the contract, though not mentioned in the body thereof, it would undoubtedly bind her. But where she is not mentioned in the contract, nor her interests in any way referred to, and she signs as a witness, expressly so designating her signature, no consent to a release of her interest can follow as a matter of law. The written contract in the case at bar contains no reference to the interests of the wife, and no attempt appears to have been made to sell or exchange the property free from any claim on her part.

The courts have been quite strict in the protection of the rights of married women in matters of this kind, both under statutes creating and defining dower rights and statutes like those of this state, and the statutory method of relinquishing those rights and interests has been held to be exclusive, barring, of course, questions of estoppel not involved in this case. Motley v. Motley, 53 Neb. 375, 73 N. W. 738; Lewis v. Apperson, 103 Va. 624, 49 S. E. 978, 68 L. R. A. 867, 106 Am. St. 903; Higginbotham v. Cornwell, 8 Gratt. (Va.) 83, 56 Am. Dec. 130. Mere knowledge of or acquiescence in a sale by the husband is not sufficient to bar her rights. 14 Cyc. 931, and cases cited; Hunt v. Reilly, 24 R. I. 68, 52 Atl. 681, 59 L. R. A. 206, 96 Am. St. 707; Foley v. Boulware, 86 Mo. App. 674. The statute requires the consent to be in writing. Welford v. Beazely, 3 Atk. 503, and Coles v. Trecothick, 9 Ves. 234, cited by plaintiff's counsel, are not in point. In the first of these cases it appeared that the person who signed under the designation of "witness" was described therein as one of the contracting parties. Not so in the case at bar. In the second case the

signature of the contract was by an agent of the principal, and as follows:.

"Witness Evan Phillips for Mr. Smith, Agent for the Seller."

It was held that, where the person to be bound by a contract signs the same as a witness when he cannot be a witness, he must be understood to have signed as principal. In the case at bar Mrs. Rieck was not designated as one of the principals in this contract, and the rule of that case has no application.

4. Defendants next contend that the description of part of the land agreed to be conveyed by plaintiff is so defective and uncertain as to render the contract wholly void. This applies to the last clause of the contract by which plaintiff agreed to make certain improvements upon the premises to be conveyed, and give a "quitclaim deed to a lot adjoining lots in Ways addition." It is claimed that there is no sufficient description of this lot, and that parol evidence was inadmissible to identify it. The contention is not sound. The lot referred to as adjoining those agreed to be conveyed by warranty deed does not appear to have been a substantive part of the contract, and plaintiff in no way bound herself to convey a title thereto. The reason for including as a part of the contract a quitclaim deed thereof is fully disclosed by the evidence. Fairly construed, the contract describes it as a lot adjoining lots 11 and 12 in Ways addition, the identical lots sold. And it is not so indefinite and uncertain as to render the whole contract a nullity. The contract in this respect was subject to explanation and the lot identified by extrinsic evidence. Tice v. Freeman, 30 Minn. 389, 15 N. W. 674; Sanborn v. Nockin, 20 Minn. 163 (178) ; Ames v. Lowry, 30 Minn. 283, 15 N. W. 247. The evidence fully identified the lot intended to be included by this part of the agreement to be lot 10, and immediately joining lots 11 and 12, which plaintiff, by the contract, agreed to convey by warranty deed.

· 5. Plaintiff tendered to defendants in performance of this part of their agreement a quitclaim deed from C. M. Way, who had an interest therein under a tax title. It was fully understood by the parties when the contract was entered into that the only interest or title to be conveyed by the quitclaim deed was that held by Mr. Way, and it was to be quitclaimed to defendants for what it was worth.

Counsel for defendants insist that they are entitled, not only to a

quitclaim from plaintiff, but a transfer of title to the lot. In this he is in error. The contract does not call for a transfer of title, and a quitclaim from Way, who held the interest in the lot which was in the minds of the parties at the time, was a sufficient compliance with the agreement. Meyers v. Markham, 90 Minn. 230, 96 N. W. 335, 787; McNellis v. Hilkowski, 98 Minn. 127, 107 N. W. 965.

This covers all questions requiring special mention, and for the reasons given the order appealed from is affirmed as to defendant Gustav Rieck, but reversed and a new trial granted as to defendant Anna Rieck.