AUGUST P. LENNARTZ AND ANOTHER v. JOHN McVEY MONTGOMERY.[1]

October 26, 1917.

Nos. 20,277—(162).

**Homestead — sale contract executed by wife only — statute construed.**
    A contract for the sale of the homestead, of which the husband and

[1] Reported in 164 N. W. 899.

wife are owners as joint tenants, is not invalid for all purposes upon the ground that the same was executed by the wife without the husband joining therein, under section 6961, G. S. 1913, the husband thereafter confirming the same and both husband and wife being ready and willing to perform the conditions thereof and offering so to do. The sole object of the statute is to prevent the alienation of the homestead without both husband and wife joining therein. The statute was not intended for the protection of the purchaser, and may be enforced against him by the wife, her husband being ready and willing to join with her therein.

Action in the district court for Hennepin county by August P. Lennartz and Elsie M. Lennartz to recover $500. The facts are stated in the opinion. The motion of plaintiffs for judgment on the pleadings was granted, Jelley, J. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*N. E. Pardee* and *P. L. Solether,* for appellant.

*C. E. Purdy,* for respondents.

QUINN, J.

This is an action to recover the first deferred instalment on a contract for the sale of plaintiffs' homestead. After issue was joined the plaintiffs moved for judgment on the pleadings. The motion was granted. Judgment was so entered and defendant appealed.

The plaintiffs are husband and wife and on September 5, 1916, were owners as joint tenants of the premises referred to, which constituted their homestead. On that day the wife entered into a written contract with the defendant for the sale of their home for $6,250, payable as follows: $300 cash, which was paid; $500 October 1, 1916; $3,000 by the assumption of a mortgage thereon, and the balance in monthly instalments of $40. The seller was to furnish an abstract showing a marketable title in August P. Lennartz and Elsie M. Lennartz, his wife, and give possession October 1, 1916, upon payment of the $500 instalment, when the parties were to execute a contract for a deed in the usual form, embracing the provisions of the former contract.

September 20 plaintiffs delivered to defendant the key and abstract of title. September 23 defendant informed Mrs. Lennartz that he would not take the premises, demanded the return of the $300 which had been

paid, and on that day brought an action to recover the same. On October 2, the first being on Sunday, plaintiffs tendered to defendant a contract for a deed of the premises executed by each of them in conformity with the requirements of the agreement, and requested the payment of the $500. The defendant refused to make payment or sign the contract.

All allegations of the complaint stand admitted by the answer, save that the wife acted as the agent of her husband, which is denied. It is not claimed that the transaction was in any manner tainted by fraud, or that defendant acted under any misapprehension of fact. The contract provided that the abstract show title in August P. Lennartz and Elsie M. Lennartz, his wife. Defendant alleges in his answer that plaintiffs were husband and wife, and that they owned and occupied the premises as their homestead during all the times mentioned in the complaint. The agreement is set out in full in the complaint.

Defendant contends that the contract is absolutely void under the statute, it being for the sale of the homestead and the husband not having signed the same. Section 6961 of the statute provides in part as follows: "But if the owner be married, no mortgage of the homestead, except for purchase money unpaid thereon, nor any sale or other alienation thereof, shall be valid without the signatures of both husband and wife." In the case of Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817, where the purchaser sought to recover damages from the husband for the refusal to perform a contract to convey the homestead, in which his wife did not join, Justice Mitchell, speaking for the court, said:

"We think that on legal principles such a contract must be held void for all purposes, and not to constitute the basis of any action against the obligor, * * *. While it is true * * * that to hold the husband liable for damages would not deprive him or his family of their homestead, yet to force him to the alternative of securing his wife's signature to the conveyance, or of being mulcted in damages for not doing so, and to place the wife in the dilemma of either having to sign the deed or see her husband thus mulcted in damages, might, and naturally would, often indirectly defeat the very object of the statute."

Thus it will be seen that the only question considered and determined in that case was whether the husband was liable in damages, to the grantee, for a failure to convey the homestead pursuant to a contract in

which his wife did not join. In construing the statute, this court in that case stated:

"A contract to convey a homestead, executed by the husband alone, is not illegal in the sense of being prohibited as an offense. The illegality is not that which exists where the contract is in violation of public policy or of sound morals, or founded on an illegal consideration, which would vitiate the whole instrument. The sole object of the statute was to prevent the alienation of the homestead, without the wife's joining in the conveyance or contract. The policy of the law extends no further than merely to defeat what it does not permit. It merely withholds from the husband the power to alienate the homestead in that way, * * *."

Under this view of the statute it seems clear that the protection intended thereby inures to the owners of the homestead only. It was not intended for the protection of the purchaser, or to enable him to repudiate a contract which he had fairly entered into, so long as the owners of the homestead are ready and willing to carry out the same on their part.

In the present case the wife signed an instrument for the sale of the homestead; her husband did not sign, but thereafter he confirmed her act by offering performance thereof; neither has ever refused to perform the same, both have at all times been ready, willing and able to convey the premises according to the terms of the contract, and to keep and perform the conditions of the agreement, and have offered so to do. There is no issue between the parties as to these matters. We can see no reason why defendant should not keep his agreement. Keystone Iron Co. v. Logan, 55 Minn. 537, 57 N. W. 156; Stromme v. Rieck, 107 Minn. 177, 119 N. W. 948, 131 Am. St. 452; Davidson v. Hurty, 116 Minn. 280, 133 N. W. 863, 39 L.R.A. (N.S.) 324.

The Stromme case was for specific performance of a contract for the exchange of real property. Plaintiff owned real estate in Minneapolis. Gustav Rieck owned a farm in Anoka county. They entered into a written contract for the exchange of properties, plaintiff being represented in the transaction by her husband, who, as her agent, signed her name thereto. Defendant contended that the contract was void under the provisions of section 7147, G. S. 1913, which in part provides: "No contract between husband and wife relative to the real estate of either, or any interest therein * * * shall be valid * * *." This is the identical

language used in section 6961 under consideration, and, in that case this court said:

"The contract in question was made on behalf of plaintiff by her husband acting as her agent, and no claim is made that she participated in the transaction. While it is clear under the statute referred to and the decisions of this court that the contract could not be enforced against Mrs. Stromme, still, under the doctrine of Keystone Iron Co. v. Logan, 55 Minn. 537, 57 N. W. 156, it may be enforced by her. It was held in that case that where the husband enters into a contract for the sale of his wife's real estate, and she thereafter confirms his act, and stands ready to perform, the other party cannot take advantage of the statute to repudiate the obligations undertaken by him. The facts of this case bring it within the rule there laid down. Here plaintiff's husband entered into the contract as her agent and she confirms his act, and stands ready to perform all the obligations imposed upon her by the writing. In this situation defendants are in no position to urge that the statute has been violated."

In Davidson v. Hurty, the same rule was recognized where the statute which prohibits contracts for the sale of real estate between husband and wife was under consideration. The court said:

"This statute does not enable a purchaser to recover back purchase money from a wife, paid pursuant to the terms of a contract for the sale of her real estate executed by the husband by signing her name; she being willing to comply therewith * * *. And it does not stand in the way of the enforcement by the wife of a contract for the sale of her real estate executed by her husband as her agent * * *. Such contracts are not void for all purposes."

If the purchaser cannot recover back money paid under such a contract, we are unable to see how he may revoke the contract after its execution and before the time of performance by merely serving a notice of his intention not to keep his promise.

Affirmed.

HOLT, J. (dissenting).

I dissent:

Courts should not undertake to specifically enforce a contract which has no existence in the eye of the law. Section 6961, G. S. 1913, pro-

vides that no sale or other alienation of the homestead of a married owner shall be valid without the signature of both husband and wife. This so-called contract does not contain the signature of the husband. Our decisions hold a contract of sale or conveyance of the homestead so lacking to be absolutely void, not merely voidable. Barton v. Drake, 21 Minn. 299; Scanlon v. Oliver, 42 Minn. 538, 44 N. W. 1031; Law v. Butler, 44 Minn. 482, 47 N. W. 53, 9 L.R.A. 856; Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817. In the case at bar the parties to the writing evidently realized the need of a contract signed by both husband and wife for there is a provision to that effect. But before the time arrived for delivery thereof, defendant, the purchaser, had given plaintiffs notice that he refused to go on with the deal. The tender by plaintiffs of a valid contract thereafter could have no more effect on the right to specific performance than would the tender of a deed in case of an oral contract for the sale of real estate. In the latter case it will be conceded that specific performance could not be had. Keystone Iron Co. v. Logan, 55 Minn. 537, 57 N. W. 156, and Stromme v. Rieck, 107 Minn. 177, 119 N. W. 948, 131 Am. St. 452, did not involve the sale of a homestead. And there was not in either of those cases a withdrawal from the negotiations by the vendee or refusal by him to proceed further in the transaction, as in the case at bar, prior to the ratification there held to render the contracts enforceable. Those cases as well as that of Unruh v. Roemer, 135 Minn. 127, 160 N. W. 251, proceed on the theory that a principal may ratify and adopt the act of an agent in executing a written contract for the sale of real estate, although the agent had no written authority to execute it at the time it was made. The ratification or adoption is considered accomplished by the act of instituting the suit for specific performance. But no sale of the homestead of a married person can be consummated by any other act than by the affixing of the signatures of both husband and wife to a written contract of sale or conveyance.

BROWN, C. J.

I concur in the dissent of Mr. Justice Holt.