## WELCH et al. v. WADDELL INV. CO.

No. 16822—Opinion Filed June 1, 1926.

Rehearing Denied July 13, 1926.

### Indians—Partial Invalidity of Mortgage on Lands in Part Restricted.

A mortgage executed by a member of one of the Five Civilized Tribes of Indians on his allotment, a portion of which is restricted by virtue of the Act of Congress of May 27, 1908, is void only as to the restricted portion.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by Waddell Investment Company against George Welch and Jackoline Welch et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Neff & Neff and J. L. Barnes, for plaintiffs in error.

Shipman & Lewis, for defendant in error.

Opinion by JARMAN, C. On September 23, 1919, Jackoline Welch, a duly enrolled member of the Cherokee Tribe of Indians of one-half degree Indian blood, joined by

her husband, George Welch, executed a promissory note to the Waddell Investment Company, a corporation, and a mortgage on 140 acres of the surplus and 20 acres of the homestead portions of her allotment to secure the same. Upon default being made, the Waddell Investment Company, hereinafter referred to as plaintiff, commenced this action against Jackoline and George Welch, hereinafter referred to as defendants, for judgment for the amount due on the note, and for the foreclosure of the mortgage. The defendant, Jackoline Welch, in her separate answer, alleged that the homestead portion was restricted, she being of one-half degree Indian blood, and her restrictions never having been removed, and that by reason thereof the mortgage executed by her was void, and prayed for a cancellation of the same. The trial court held that the mortgage was void as to the homestead portion, but valid as to the surplus portion, and entered a decree foreclosing the mortgage as to such surplus portion.

The only question presented to this court is involved in the following proposition submitted by the defendants:

"The plaintiff having taken a single mortgage upon an entire tract of land, a part of which was restricted by the acts of Congress, said mortgage was against public policy and void in its entirety, and plaintiff was not entitled to enforce the same so long as the same was executory. As authority for this, we cite the case of Mann v. Brady, 80 Okla. 299, 196 Pac. 346, and the cases therein cited."

The instant case is distinguishable from the case of Mann v. Brady, cited and relied upon by defendants. In the cited case, the allotment of Brady, a Creek Indian, a portion of which was restricted, was listed with Mann, a real estate agent, for sale at a stipulated price per acre. Mann later brought an action against Brady for the amount of his commission, alleging that he had procured a purchaser ready, able, and willing to buy the land according to the terms of the contract, and the court held that the contract was not severable, and that he could not make a valid contract with reference to the sale of his entire allotment where a portion of the same was restricted. In the cited case, the object of the contract was the sale of the entire acreage, including both the restricted and unrestricted portions, and since the restricted portion of the allotment could not be sold by reason of the Act of Congress of May 27, 1908, expressly prohibiting the same, such contemplated sale was unlawful, and therefore the object of the parties in making the contract was

unlawful. In the instant case, the object of the parties was the borrowing on the one hand and the loaning on the other of a certain sum of money, which was a lawful object. The mortgage contract involving the homestead portion of the allotment is not malum in se, but malum prohibitum. As stated by the court in the case of Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817, in discussing a contract executed by the husband to convey the homestead, which was prohibited by statute:

"A contract to convey a homestead, executed by the husband alone, is not illegal in the sense of being prohibited as an offense. The illegality is not that which exists where the contract is in violation of public policy or sound morals, or founded on an illegal consideration, which would vitiate the whole instrument. The sole object of the statute was to prevent the alienation of the homestead without the wife's joining in the conveyance or contract. The policy of the law extends no further than merely to defeat what it does not permit. It merely withholds from the husband the power to alienate the homestead in that way — in other words, provides that the homestead is not grantable in that way, and it was never held that the whole grant would be void merely because a part of the land was not grantable."

As stated by the court in the case of U. S. v. Bradley, 35 U. S. 343, 344:

"That bonds and other deeds may in many cases be good in part and void for the residue, where the residue is founded in illegality, but not malum in se, is a doctrine well founded in the common law and has been recognized from a very early period. The doctrine has been maintained, and is settled law of the present day, in all cases where the different covenants or conditions are severable. and independent of each other, and do not import malum in se."

There can be no question about the mortgage contract involved in the instant case being severable as to the homestead and surplus portions. The plaintiff, as mortgagee, could have released the mortgage as to any portion of the mortgaged premises without impairing the validity of the mortgage on the remainder. It is not a question of all or none of the mortgaged premises being held liable for the mortgage indebtedness. It is well settled that a mortgage covering several species of property may be invalid as to one, but good and enforceable security as to the others. 27 Cyc. 1130, 31.

For the reasons given, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See 31 C. J. p. 520 §91 (Anno).