THERESA McNELLIS and Another v. JOHN HILKOWSKI and Another.[1]

May 18, 1906.

Nos. 14,707—(81).

**Vendor and Purchaser—Quitclaim Deed.**

> An executory contract for the sale of land contained a stipulation that the grantor would, upon payment of the purchase price, convey and assure the land to the grantee by a good and sufficient quitclaim deed. *Held*, following Brame v. Towne, 56 Minn. 126, that the grantor was required to do no more than to quitclaim his interest in the land by a properly executed deed; there being nothing in the evidence to indicate that the transfer of title was intended by the parties.

Action in the district court for Otter Tail county, originally in the form of ejectment but changed upon the trial to an action to foreclose an executory contract for the sale of land. The case was tried before Baxter, J., who made findings of fact and as conclusions of law found that there was due from defendant to plaintiff upon the contract the sum of $1,983.61, which sum plaintiff was entitled to recover upon executing and delivering to defendant a deed, without covenants, conveying the title in fee simple. From an order denying a motion for a new trial, plaintiff appealed. Reversed and remanded with instructions.

*Humphrey Barton,* for appellants.

*P. V. Coppernoll,* for respondents.

BROWN, J.

This action was one in ejectment to recover the possession of certain real estate situated in the county of Otter Tail; but, when it came on for trial, the form of action was changed by consent of the parties to one to foreclose the contract hereafter referred to, and two specific issues of fact were submitted to the court, which were treated as decisive of the controversy.

It appears that in 1894, one John McNellis was, according to the complaint and findings of the court, the owner of the land in question,

[1] Reported in 107 N. W. 965.

and at that time entered into an executory contract by which he agreed to convey the same to defendant upon the payment of the purchase price at the time and in the manner therein agreed upon. Upon the execution of the contract, McNellis surrendered, and defendant entered into, possession of the land, and has at all times since retained it. Subsequently McNellis died, and the plaintiffs in this action are his sole surviving heirs, and entitled to whatever rights he would have been entitled to had he lived and brought this action. Defendant defaulted in the payments agreed to be made by the terms of the contract, and on the theory that his rights had been forfeited this action was brought to dispossess him.

On the trial, however, as stated, the form of action was changed, two questions being submitted to the court for decision, viz.: (1) As to the character and kind of title plaintiffs, as the successors of John McNellis, were required under the terms of the contract to give defendant upon the payment by him of the purchase price of the land; and (2) the amount due upon the purchase price. There is no controversy in this court upon the second question, the amount found to be due by the court being satisfactory to both parties. The court held, in harmony with defendant's contention, that by the terms of the contract plaintiffs were under obligation to convey to defendant a fee-simple title to the land, and whether this conclusion is sound is the only question before us.

In entering into the contract here involved, the parties made use of a printed blank in which the following language appeared in connection with the agreement of McNellis to convey the land to defendant:

> The said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part, in fee simple clear of all incumbrances whatever, by a good and sufficient warranty deed.

It does not appear from the record what sort of a title, if any, McNellis had at this time, and there is no evidence dehors the writing indicating that the parties intended that a title should be transferred. We are limited in the consideration of the case to the written contract. The form of contract made use of was evidently not satisfactory to

either party, so far as the language quoted is concerned, and it was changed by erasures and interlineations, so that it read, when signed, as follows:

> The said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part in whatever by a good and sufficient quitclaim deed.

It will be observed that the words in the printed form, "in fee simple clear of all incumbrances," and the word "warranty," preceding "deed," were erased. In the place of "warranty," "quitclaim," was inserted. In construing the contract we are necessarily controlled by the intent of the parties, and the question presented is whether by the language here used it was the intention that McNellis should convey to defendant a fee-simple title to the land. We are unable to distinguish the case from Brame v. Towne, 56 Minn. 126, 57 N. W. 454. In that case the vendor contracted and agreed "to quitclaim and convey" the premises. It was insisted that by that language he was bound to convey a title to the land. The court, however, held that the words "quitclaim and convey" meant nothing more than to "convey by quitclaim," and that the vendor was under no obligation to do more than to quitclaim his interests in the land, and was not required to give a good title. The language in the contract before us is that the vendor agrees to convey by a "good and sufficient quitclaim deed," and the case is parallel with the one just referred to. Even if there were any doubt as to the similarity of the cases, we are clear that in view of the erasures and interlineations in the printed form of contract used by the parties, but one conclusion can follow, and that is that the vendor was required to convey only his interest in the land. This view does not seem to have impressed the learned trial court, and its attention does not seem to have been called to the Brame case.

The facts all appear from the findings of the court, about which there is no controversy, and there is no necessity for a new trial. The interests of both parties will be subserved by a final disposition of the case at this time.

The order appealed from will therefore be reversed, and the cause remanded to the court below, with directions to amend its findings and conclusions of law to conform with the views herein expressed,

98 M.—9

awarding judgment in plaintiffs' favor upon the merits of the case unless defendant upon the delivery of a good and sufficient quitclaim deed, shall pay the amount found due on the contract, within such reasonable time as the court below may deem proper.

Reversed and remanded with instructions.