Argued and submitted January 26, reversed and remanded for further proceedings May 30, reconsideration denied August 1, petition for review denied August 28, 1990
(310 Or 281)

ONO et al,
*Respondents,*

*v.*

COOS COUNTY,
*Appellant.*

(88CV0704; CA A51298)

792 P2d 476

David R. Ris, Coquille, argued the cause and submitted the brief for appellant.

Lawrence F. Finneran, Coos Bay, argued the cause for respondents. With him on the brief was Chandler, Lesan, Stokes & Finneran, Coos Bay.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs purchased several parcels of real property from defendant Coos County (county) under a land sale contract. After discovering that a mortgage lien previously had been recorded against the property, they brought this action for declaratory judgment,[1] seeking recovery for the amount of the mortgage lien. The trial court entered judgment in their favor, and county appeals. We reverse and remand.

On September 21, 1984, pursuant to ORS chapter 312, county instituted tax foreclosure proceedings against several parcels of land that are the subject of this dispute. As permitted by *former* ORS 312.040(1), it served notice on persons interested in the property by publication only. On October 29, 1985, after county complied with all applicable procedures, the tax collector deeded it the land. In January, 1986, this court held that notice of a tax foreclosure proceeding by mere publication, pursuant to *former* ORS 312.040(1), did not satisfy the due process rights of an assignee of a recorded beneficial interest in the property being foreclosed. *Seattle-First National Bank v. Umatilla Co.,* 77 Or App 283, 713 P2d 33, *rev den* 300 Or 704 (1986).

On April 30, 1986, plaintiffs purchased the parcels from county at a public auction under a land sale contract, which provided, in pertinent part:

"Upon payment of the total purchase price of the property provided herein, and the performance of the Purchaser of all the terms, conditions and provisions hereto, the County shall deliver to the Purchaser a *good and sufficient quitclaim deed* conveying the property to the Purchaser." (Emphasis supplied.)

Plaintiffs later discovered that, in 1981, a mortgage lien had been recorded on a portion of the property. After negotiating with the mortgage holders for its payment and release, they brought this action to recover the amount paid. On stipulated facts, the trial court entered judgment for plaintiffs.

County argues that the trial court erred in construing the contract language a "good and sufficient quitclaim deed"

---

[1] Plaintiffs' complaint also contained two separate claims for reformation, which the trial court found unnecessary to address.

to require county to convey an unencumbered fee simple title. According to county, use of the term "quitclaim" effectively disclaims any obligation to guarantee marketable title. The phrase "good and sufficient," it argues, simply means that the deed must be in a form adequate to convey whatever title that county holds.

■■ We agree. There are no Oregon cases construing the requirement in a land sale contract that the vendor provide "a good and sufficient quitclaim deed." However, in *Thompson v. Hawley,* 14 Or 199, 207, 12 P 276 (1886), the Supreme Court set forth the following rule:

> "[W]here the terms of the contract are such as to bind the grantor to convey by good and sufficient deed, or to make a good and sufficient conveyance, he can only perform his agreement by making a deed that will pass a good title. *But if it clearly appears from the contract itself, or from the circumstances accompanying it, that the parties had in view merely such conveyance as will pass the title which the vendor had, whether defective or not, that is all the vendee can claim or insist upon.*" (Emphasis supplied.)

In this case, the parties did not agree that county would convey by "good and sufficient deed." Instead, they agreed that county would deliver "a good and sufficient *quitclaim* deed." By definition, a quitclaim deed is one that passes whatever title, interest or claim that the grantor may have in the described property, without warranting the validity of the title or containing any other covenants of title. *See Black's Law Dictionary* 1417 (4th ed rev 1968); ORS 93.865. Because "it clearly appears from the contract itself" that the parties agreed that defendant would execute a conveyance that would "pass the title which the vendor had, whether defective or not," plaintiffs cannot require a deed that warrants them marketable title.[2]

---

[2] At least one other jurisdiction has reached the same conclusion. *See, e.g., McNellis v. Hilkowski,* 98 Minn 127, 129, 107 NW 965, 966 (1906). Plaintiffs contend that *New York, New Hampshire & H. R.R. v. Butter,* 276 Mass 236, 176 NE 797 (1931), stands for the proposition that "a good and sufficient quitclaim deed" means a deed that will convey good title. It does not. It is true that the land sale contract in that case required the vendor to provide "a good and sufficient quitclaim deed." 276 Mass at 238. However, the court held that the vendor was required to provide good title because other contract language required him to give "a good and sufficient deed." 276 Mass at 239.

The trial court reasoned that

"[county's] claim that the use of the term 'quitclaim deed' as a disclaimer is not supported by the rest of the terms of the contract. The contract sets out specific exceptions (Municipal Liens, Land use restrictions and The [*sic*] public's right to any part lying below the mean high water line.)"

As county points out, however, the "exceptions" relied upon by the trial court either were described in statutes or were part of the property description. The reference to municipal liens,[3] for example, gave plaintiffs notice of a municipal corporation's statutory right to redeem property foreclosed by the county. *See* ORS 312.280. Similarly, the language regarding land use laws[4] was required by ORS 93.040(1) (*amended by* Or Laws 1983, ch 718, § 2, Or Laws 1985, ch 719, § 1, and Or Laws 1989, ch 366, § 1). Finally, the reference to the rights of the public in property below the mean high water line[5] was part of the property description. Given their origin, we do not view inclusion of those provisions to be inconsistent with a disclaimer of warranties.

Reversed and remanded for further proceedings not inconsistent with this opinion, including resolution of plaintiffs' reformation claims.

---

[3] The contract provided that "[p]urchaser assumes responsibility for any and all municipal liens."

[4] The contract contained the following language:

"This instrument does not guarantee that any particular use may be made of the property described in this instrument. The Purchaser should check with the appropriate City or County Planning Department to verify approved uses."

[5] The property descriptions incorporated into the contract for each parcel ended with the notation, "Subject to the rights of the public in and to any part thereof lying below the mean high water line."