Argued and submitted October 18, 1991, affirmed May 13, 1992

Shizuo ONO
and Supok Ono,
*Appellants,*

*v.*

COOS COUNTY,
*Respondent.*

(88CV-0704; CA A68112)

831 P2d 66 .

Lawrence F. Finneran, Coos Bay, argued the cause for appellants. With him on the brief was Chandler, Lesan, Stokes & Finneran, Coos Bay.

David R. Ris, Coquille, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs purchased several parcels of real property from defendant Coos County (county) under a land sale contract. Plaintiffs brought an action for declaratory judgment, seeking recovery for the amount of a mortgage lien that previously had been recorded against the property. The trial court entered judgment for plaintiffs, and county appealed. We reversed, *Ono v. Coos County*, 102 Or App 32, 35, 792 P2d 476 (1990) (*Ono I*), because the contractual provision that county would deliver a "good and sufficient quitclaim deed" simply required that the deed would be in a form adequate to convey whatever title county held and did not require it to guarantee a marketable title. We also remanded for resolution of plaintiffs' reformation claims. On remand, the trial court found that there was not clear and convincing evidence of an antecedent oral agreement to support reformation of the written land sale contract. Plaintiffs appeal, and we affirm.

A court may not reform a contract unless the plaintiff proves that the writing does not express the real agreement of the parties. *Mitchell v. Chernecki*, 286 Or 285, 289, 593 P2d 1163 (1979). Plaintiffs argue that, because all of the parties were under the mistaken impression that the tax foreclosure had extinguished all liens on the property, *see Seattle-First National Bank v. Umatilla County*, 77 Or App 283, 713 P2d 33, *rev den* 300 Or 704 (1986), there is evidence of an antecedent agreement to convey a clear title.

Even assuming that the parties thought that the title was clear, that does not change the fact that they clearly agreed to convey the property by quitclaim deed. By doing so, the parties acknowledged that, *if* there were any liens or encumbrances, county would not be responsible for them, because the quitclaim deed could convey no better title than county had. Therefore, because the contract accurately reflects the parties' agreement to convey by quitclaim deed, the trial court was correct in holding that the contract may not be reformed.

Affirmed.