DECISION
Plaintiff appeals the penalties imposed by Defendant as part of Defendant's omitted property assessment (omit assessment) against Plaintiffs taxable personal property. Plaintiff was represented by Dean Bloemendaal (through duly executed power of attorney). Larry Linton, a member of the Plaintiff LLC, testified on behalf of the company. Defendant was represented by Paul Meyer, Douglas County Counsel. Ron Northcraft, Douglas County Assessor, and Ali Vincent-lough, an appraiser in the assessor's office, appeared on Defendant's behalf. For ease of reference, the parties will be referred to as taxpayer and assessor.
 I. STATEMENT OF FACTS
Taxpayer's business opened in May 2002. Taxpayer did not file personal property tax returns reporting the value of its taxable personal property until February 2008. On January 6, 2009, the assessor issued an omit assessment adding the value of taxpayer's taxable personal property to the assessment and tax rolls for the 2003-04 through 2007-08 tax years. Taxpayer reviewed the asset listing and questioned the value of one of approximately 150 items on the list. The assessor agreed that a value reduction of approximately $10,000 was in order for each of the years affected by the omit assessment due to an error in the originally reported cost of that asset ($1,287 actual, versus $12,887 mistakenly reported). Taxpayer agrees with the assessor's revised values. *Page 2 
However, the assessor's omit assessment included a penalty equal to 50 percent of the tax for each of the five years involved. The cumulative penalty, prior to the parties' agreed-upon adjustments to value for each of the five years, was approximately $1,957. (Ptf's Orig Compl at 3.) The reductions in value reduce that penalty somewhat. Taxpayer acknowledges that returns were not filed, but believes it is justified in receiving a waiver of the penalty for lack of knowledge, and because, in its view, the fault lies with the assessor.
 II. ANALYSIS
The property at issue was used by taxpayer in its hardware sales and rental business, and is legally subject to tax because it is tangible personal property used for the production of income. See generally ORS307.030 and ORS 307.190.[1]
ORS 308.290(1)(a) requires every person or business that owns "taxable personal property [to] make a return of the property for ad valorem tax purposes to the assessor of the county in which the property has its situs for taxation" by March 1 of each year. If a party fails to file a required return by the March 1 annual deadline, it "shall be jointly and severally subject to the provisions of ORS 308.296." Id. ORS 308.296(4) provides for a penalty of 50 percent of the tax where a taxpayer fails to file a return.
The assessor added the value of taxpayer's previously untaxed personal property to the assessment and tax rolls as omitted property pursuant to the provisions of ORS 311.216 through ORS 311.229. Specifically, ORS311.216(1) requires the assessor to add to the rolls the value and taxes of any property previously omitted from the rolls "for any year or years not exceeding five years prior to the last certified roll." In accordance with ORS 311.223(2)(b) and ORS 308.296(4), the assessor imposed a 50 percent penalty against taxpayer for tax years 2003-04 *Page 3 
through 2007-08 as part of its omit assessment. Appeal of that penalty to the Tax Court is authorized by ORS 311.223(4).
The Tax Court has the authority to "waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." ORS 305.422. That statute does not include a definition for the term "good and sufficient cause." However, this court has determined that the definition of "good and sufficient cause" found in ORS 305.288
provides a useful guide. X-Ray Industries, Inc. v. Clackamas CountyAssessor, TC-MD No 060656E, WL 3491162 *1 (Nov 29, 2006) (citing HaroldL. Center Pro Land Survey v. Jackson County Assessor, TC-MD No 020069C at 4, WL 1591918 (July 18, 2002)); Norsam Technologies, Inc. v. WashingtonCounty Assessor, TC-MD No 031057D (March 29, 2004) (referencing other decisions).
The definition of "good and sufficient cause" found in ORS305.288(5)(b)(A) requires taxpayer to establish that the return was not filed because of "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative[.]" Linton's explanation for not filing personal property returns in 2003, 2004, 2005, 2006, and 2007, is that he was unaware he was required to do so. Linton feels he is being unfairly penalized for a mistake, and argues that he had no intent to evade the law. Moreover, taxpayer notes that it did register with the Secretary of State, and that the assessor's office checks those records as part of its effort to locate businesses who do not file returns. Taxpayer insists that, had it been informed of the requirement to file a return, it would have done so, and believes that someone in the assessor's office "dropped the ball." The assessor responds that lack of knowledge does not satisfy the statutory requirement, citing Magilke v. Washington County Assessor, TC-MD 080945C (Feb 13, 2009). The court agrees with the assessor. *Page 4 
ORS 305.288(5)(b)(B) specifically excludes "lack of knowledge" from the definition of "good and sufficient cause." The taxpayer in Magilke argued that his failure to file was not intentional, and that he voluntarily filed the required return as soon as he became aware of the requirement to do so. Id. at 4. This court ruled that "a taxpayer's lack of knowledge does not permit a waiver of the personal property tax penalty." Id. at 7.
This court has repeatedly held that taxpayers are "presumed to know the law." Tillamook Sporting Goods, Inc. v. Tillamook County Assessor, TC-MD No 060603B, WL 1437502 *2 (Feb. 21, 2007) (citation omitted); Michael J.Kirkland Construction v. Tillamook County Assessor, TC-MD No 060599B, WL 333166 *2 (Jan 31, 2007) (citation omitted). That is an age old adage which, in actuality, means that "[c]itizens are presumed to know the obligations that the law imposes on them, [although they need] not [know] `every word of every law passed.'" Winters v. County of Clatsop,210 Or App 417, 424 n4, 150 P3d 1104 (2007) (citing Bibeau v. PacificNorthwest Research Foundation, 188 F3d 1105, 1110-11 (9th Cir 1999));Seattle-First National Bank v. Umatilla County, 77 Or App 283, 294,713 P2d 33 (1986) ("[i]t is axiomatic that persons are presumed to know the law.") (citing Hood River County v. Dabney, 264 Or 14, 28, 423 P2d 954
(1967)).
That presumption of knowledge includes an awareness by a taxable personal property owner that their property is subject to tax, and that a return is required to be made by the owner. See, e.g., PerformanceProcessing Group Inc. v. Lane County Assessor, TC-MD No 021214C at 4 (Jan 24, 2003) (holding in a case involving a penalty waiver request concerning personal property added as omitted property).
The court understands taxpayer's frustration, given that it purportedly made only approximately $13,000 adjusted gross income in 2007, and that the penalty imposes a hardship. However, the legislature did not authorize the court to consider those factors in deciding whether *Page 5 
to reduce or waive the penalty. At least, this court has not interpreted the "good and sufficient cause" standard in ORS 305.422 to encompass those factors.
 III. CONCLUSION
For the reasons set forth above, the court concludes that it cannot grant taxpayer's request for waiver of the 50 percent personal property penalty because the penalty was imposed in accordance with applicable law and taxpayer does not meet the good and sufficient cause standard in ORS 305.422 whereby the court can waive or reduce the penalty when applied as part of an omitted property assessment. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's request for a penalty waiver under ORS 305.422 is denied.
Dated this _____ day of April 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on April 21, 2009.The Court filed and entered this document on April 21, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1