DECISION
Plaintiff has appealed the late filing penalties Defendant imposed as part of an omitted property assessment for tax years 2005-06 through 2008-09, inclusive, on property identified as Account P2252351. Plaintiff has asked the court to abate the penalties. Defendant in its Answer disagrees with the requested relief. A hearing in the matter was held by telephone November 18, 2009. Herman Garcia (Garcia), owner of the company, appeared for Plaintiff. Defendant was represented by Jim Rubbelke (Rubbelke).
 I. STATEMENT OF FACTS
Plaintiff began operations on or before January 1, 2004. Garcia did not file personal property returns reporting the value of Plaintiff s property for any of the years under appeal because he was unaware he was required to do so.
Defendant discovered Plaintiff in late 2008 and sent Plaintiff a blank personal property return for Plaintiff to complete and submit prior to the March 1, 2009, return filing deadline for the 2009-10 tax year. Garcia completed the return, reporting Plaintiffs property, and the date the business began operation, and submitted it to Defendant.
Based on the information in the return about when Plaintiffs operations began, Defendant sent Plaintiff a notice of intent to add omitted property. The notice was sent on or *Page 2 
about June 18, 2009. (Compl. at 2.) It proposed adding between $42,000 and $54,000 (approximately) in value to the assessment and tax rolls for tax years 2005-06, 2006-07, 2007-08, and 2008-09. (Id.) The total tax and late filing penalties associated with the added value came to $4,662.86. (Id.) It is unclear whether Plaintiff responded to Defendant's notice of intent, but regardless of whether such contact was made, Defendant ultimately concluded that the property was in fact omitted since the 2005-06 tax year, and proceeded to add the property to the rolls.
Plaintiff paid the tax, but objects to the additional penalties. Plaintiff is struggling financially and would very much appreciate any reductions the court can provide. Defendant requests that the court uphold the penalty charges.
 II. ANALYSIS
ORS 308.290(1)[1] requires businesses with taxable personal property to file a return with the county assessor each year. The annual returns are due "on or before March 1." ORS 308.290(3). Moreover, ORS 308.290(1) provides that taxpayers who fail "to file a personal property tax return on or before March 1 of any year, * * * shall be jointly and severally subject to the provisions of ORS 308.296."
ORS 308.296(1) provides that a business "required by ORS 308.290
to file a return * * * who or which has not filed a return within the time fixed in ORS 308.290 * * * shall be subject to a penalty as provided in this section." The penalty is graduated based on when a return is filed. However, after August 1 the penalty is "equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer." ORS 308.296(4). *Page 3 
Plaintiff was unaware of the personal property return filing requirement, and accordingly did not file returns until notified by Defendant in 2009. That return was processed for the 2009-10 tax year. However, based on the information in Plaintiff's return, Defendant determined that Plaintiff's property had been omitted from the assessment and tax rolls for earlier tax years. Utilizing the provisions of ORS311.205 through ORS 311.235, Defendant added the value of Plaintiff's personal property to the rolls as omitted property.
Under ORS 311.216(1), personal property omitted from assessment and taxation can be added to "such rolls for any year or years not exceeding five years prior to the last certified roll." Defendant in this case discovered the omission in 2009 and added the value for the four prior tax years: 2005-06, 2006-07, 2007-08, and 2008-09.[2] The assessment included the 50 percent penalty required by ORS 308.296(4). The amount of the penalty is $1,554.29. Plaintiff appealed the penalty portion of the assessment as authorized by ORS 311.223(4), which provides that "the imposition of the penalty may be appealed to the tax court."
The court's authority to consider Plaintiff's request for waiver of the penalty is found in ORS 305.422. The criteria for waiver of all or a portion of the penalty is "a proper showing of good and sufficient cause." That statute does not include a definition for the term "good and sufficient cause."
This court has determined that the definition of "good and sufficient cause" found in ORS 305.288 provides a useful guide. X-Ray Industries,Inc. v. Clackamas County Assessor, TC-MD No 060656E, WL 3491162 at *1 (Nov 29, 2006) (citing Harold L. Center Pro Land Survey v. Jackson CountyAssessor, TC-MD No 020069C at *4, WL 1591918 (July 18, 2002)); *Page 4 Norsam Technologies, Inc. v. Washington County Assessor, TC-MD No 031057D, WL 614537 at *1 (March 29, 2004) (referencing other decisions).
The definition of "good and sufficient cause" found in ORS305.288(5)(b)(A) requires taxpayer to establish that the return was not filed because of "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative[.]" Garcia explained that he was simply unaware that Plaintiff was required to report the value of its business-use personal property. Garcia testified that he usually has a professional prepare Plaintiff's taxes, and that neither the firm that prepared Plaintiff's taxes nor Defendant informed him about the personal property tax or reporting requirement until 2009. Once informed, Garcia complied with the request to file, honestly reporting Plaintiff's personal property inventory and associated values. Garcia stressed that he did not know that the personal property was taxable. Finally, Garcia questioned why Plaintiff should be responsible for penalties when Defendant never notified Plaintiff that it was required to file a return and pay a tax. From Garcia's perspective, each party lacked knowledge; Plaintiff was unaware that its property was taxable and Defendant was unaware of Plaintiff. Rubbelke responded that, although Defendant makes every effort to discover new businesses and inform them of the filing requirement, the burden ultimately rests on the property owner. The court agrees.
ORS 305.288(5)(b)(B) specifically excludes "lack of knowledge" from the definition of "good and sufficient cause." See, e.g., Magilke v.Washington County Assessor (Magilke), TC-MD No 080945C, WL 368949 at *3 (Feb 13, 2009). The taxpayer in Magilke argued that his failure to file was not intentional, and that he voluntarily filed the required return as soon as he became aware of the requirement to do so. Id. at *2. This court ruled that "a taxpayer's lack of knowledge does not permit a waiver of the personal property tax penalty." Id. at *4. *Page 5 
This court has repeatedly held that taxpayers are "presumed to know the law." Tillamook Sporting Goods, Inc. v. Tillamook County Assessor, TC-MD No 060603B, WL 1437502 at *2 (Feb 21, 2007) (citation omitted); MichaelJ. Kirkland Construction v. Tillamook County Assessor, TC-MD No 060599B, WL 333166 at *2 (Jan 31, 2007) (citation omitted). That is an age old adage which, in actuality, means that "[c]itizens are presumed to know the obligations that the law imposes on them, [although they need] not [know] "every word of every law passed.'" Winters v. County of Clatsop,210 Or App 417, 424 n 4, 150 P3d 1104 (2007) (citing Bibeau v.Pacific Northwest Research Foundation, 188 F3d 1105, 1110-11 (9th Cir 1999)); Seattle-First National Bank v. Umatilla County, 77 Or App 283,294, 713 P2d 33 (1986) ("[i]t is axiomatic that persons are presumed to know the law.") (citing Hood River County v. Dabney, 264 Or 14, 28,423 P2d 954 (1967)).
That presumption of knowledge includes an awareness by a taxable personal property owner that their property is subject to tax, and that a return is required to be made by the owner. See, e.g., PerformanceProcessing Group Inc. v. Lane County Assessor, TC-MD No 021214C, WL 215371 at *2 (Jan 24, 2003) (so holding in a case involving a penalty waiver request concerning personal property added as omitted property).
 III. CONCLUSION
The court concludes that Plaintiff's request for waiver of the penalty for failure to file personal property returns for tax years 2005-06 through 2008-09 must be denied. The penalty was imposed in accordance with applicable law and Plaintiff does not meet the good and sufficient cause standard the court must apply under ORS 305.422
in determining whether waiver of the penalty is warranted. Good and sufficient cause requires something more than a lack of knowledge. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Plaintiffs request for a penalty waiver under ORS 305.422 must be, and is hereby, denied.
Dated this ___ day of February 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 9,2010. The Court filed and entered this document on February 9, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] It is not clear why the omitted property assessment did not include the 2004-05 tax year if, in fact, the business was in operation on January 1, 2004. It could be due to the timing of the assessment, or perhaps Plaintiff began operating sometime after January 1, 2004. The court may have misunderstood the testimony, or Defendant's representatives may simply have misspoken in stating that the business was in operation January 1, 2004. In any event, that issue is not before the court.