IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JOSEPH C. BACHMORE ) 
and CINDY J. BACHMORE, ) 
                                 ) 
           Plaintiffs, )    TC-MD 130352C
                                 ) 
           v. ) 
                                 ) 
YAMHILL COUNTY ASSESSOR ) 
                                 ) 
                                 ) 
           Defendant. )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion) Plaintiffs'

Complaint as untimely. The court held a hearing on the Motion June 17, 2013.  Joseph Bachmore

(Bachmore) appeared for Plaintiffs. Derrick Wharff (Wharff) and Susan Debolt appeared for

Defendant.  Bachmore and Wharff were placed under oath at that hearing to receive sworn

testimony on Defendant's motion.

## I.  STATEMENT OF FACTS

Bachmore testified that Plaintiffs bought the subject property on or about September

2012 for $675,000. The real market value (RMV) placed on the rolls by Defendant for the 2012-

13 tax year was $763,929.  (Ptfs' Compl at 2.)

Wharff testified that Plaintiffs contacted the assessor's office after the property tax

statements were mailed in October 2012 to discuss an informal administrative review in the hope

of obtaining a reduction in value. Plaintiffs were requesting that the value be reduced to

$425,000. Defendant reviewed the matter and determined that no reduction was warranted.

The parties agree that Plaintiffs then petitioned the county board of property tax appeals

(Board) for a reduction in value to $575,000.  The deadline for petitioning the Board was

December 31, 2012.  There is no indication Plaintiffs missed the deadline. The Board held a hearing, after which it sustained the assessor's $763,929 RMV on the rolls.  (Ptfs' Compl at 2.) The Board mailed its order sustaining the value March 27, 2013. (*Id*.)

Plaintiffs appealed the Board's order to this court, filing their Complaint on May 20, 2013, nearly two months after the mailing date of the Board's order.  Plaintiffs requested that this court reduce their value to the figure appearing in their appraisal – $675,000 – which, according to the uncontroverted testimony of Bachmore, is the amount Plaintiffs paid for the property in September 2012.  (*Id*. at 4.)[1]

## II.  ANALYSIS

Oregon's property tax appeal system contemplates an annual challenge to the value of the property by first filing a petition with the Board after the tax statements are mailed each year (in October) and before December 31.  *See*, *e.g.*, ORS 309.100; ORS 309.026(2).[2]  A taxpayer who timely petitions the Board and disagrees with the outcome can file an appeal with the Oregon Tax Court, Magistrate Division, pursuant to ORS 305.275 (providing for appeals to the Magistrate Division of the tax court by persons aggrieved by an order of the board) and ORS 305.560 (Oregon Tax Court appeal procedure generally).  The appeal from the Board's order must be filed with the court within 30 days of the date the Board mails its order as provided in ORS 309.110(1) (providing for disposition of petitions to the board by order of the board) and ORS 305.280(4) (providing for appeal to the Oregon Tax Court within 30 days of the mailing of the Board order).

/ / /

---

[1] Page 4 of Plaintiffs' Complaint is the page from Plaintiffs' appraisal showing the appraiser's $675,000 value estimate under the sales comparison approach.

[2] All references to the Oregon Revised Statutes (ORS) are to 2011.

In this case, the Board mailed its order on March 27, 2013, and Plaintiffs filed their Complaint with this court May 20, 2013. Plaintiffs clearly missed the 30 day appeal period provided in ORS 305.280(4).

Without other statutory authority, Plaintiffs failure to timely pursue the statutory right of appeal would be fatal, leaving them without a remedy for the 2012-13 tax year. However, the legislature determined that certain extraordinary circumstances exist that merit the court's review and allow for changes in value where warranted. *See generally* ORS 305.288.

Under ORS 305.288, the court can order a reduction in the value of a separate assessment of property if the taxpayer either alleges an error in value of at least 20 percent or establishes that the failure to timely appeal to the court from the date of the mailing of the Board's order was due to "good and sufficient cause." ORS 305.288(1)(b),(3).

Plaintiffs have not alleged an error in the RMV of their property of at least 20 percent. The RMV on the rolls is $763,929 and Plaintiffs have requested that the value be reduced to $675,000. That equates to an alleged error in value of less than 12 percent.

Plaintiffs have also failed to establish good and sufficient cause for not timely appealing to this court. When questioned by the court, Bachmore testified that at the time he filed his Complaint with this court he did not know that there was a deadline. Bachmore explained that he received the Board order and an additional piece of paper which, as best as the court can tell, was a blank Complaint form for the Magistrate Division of the Tax Court. As Bachmore explained during the hearing on Defendant's Motion, that form only provides information on certain basic aspects of the appeal process, but does not include specific appeal deadlines. That is because the court has one Complaint form for appealing property tax matters for a variety of different situations, and very different deadlines for different types of property tax appeals.

Wharff testified that he attended the Board hearing along with Bachmore and that a member of the Board advised Bachmore that he had only 30 days to file an appeal with the Tax Court if he decided to take that route. Bachmore testified that he was unfamiliar with the entire process and did not recall the details of any verbal instructions he might have been given at the Board hearing. When asked by the court how he ended up appealing, Bachmore testified that he eventually discussed the outcome of his board appeal with his realtor and the realtor advised him to file the Complaint with this court.

Although there is some disagreement as to whether Bachmore was advised about his appeal rights, specifically the 30 day deadline, the bottom line is that Plaintiffs' Complaint was not filed within the 30 day appeal window and the reason for the untimeliness was a lack of knowledge. Bachmore testified that he had his assistant look into the whole appeal process for him because he knew nothing about it and that they did the best they could.

ORS 305.288(5)(b)(B) specifically provides that good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge." It is settled law that taxpayers are "presumed to know the law." *Tillamook Sporting Goods, Inc. v. Tillamook County Assessor*, TC-MD No 060603B, WL 1437502 *2 (Feb. 21, 2007) (citation omitted); *Michael J. Kirkland Construction v. Tillamook County Assessor*, TC-MD No 060599B, WL 333166 *2 (Jan 31, 2007) (citation omitted). That is an age-old adage which, in actuality, means that "[c]itizens are presumed to know the obligations that the law imposes on them, [although they need] not [know] every word of every law passed." *Winters v. County of Clatsop*, 210 Or App 417, 424 n4, 150 P3d 1104 (2007) (citing *Bibeau v. Pacific Northwest Research Foundation*, 188 F3d 1105, 1110-11 (9th Cir 1999)); *Seattle-First National Bank v. Umatilla County*, 77 Or App 283, 294, 713 P2d 33 (1986) (Young, J., dissenting) ("[i]t is axiomatic that persons are presumed to know the law.") (citing *Hood River County v. Dabney*, 264 Or 14, 28, 423 P2d 954 (1967)).

### III. CONCLUSION

The court concludes that it lacks jurisdiction to consider Plaintiffs' appeal for the 2012-13 tax year because they did not file their Complaint with this court within 30 days of the mailing date of the Board's order as required by applicable statute. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed for lack of jurisdiction.

Dated this ____ day of June 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision of Dismissal was signed by Magistrate Dan Robinson on June 26, 2013. The Court filed and entered this Decision of Dismissal on June 26, 2013.*